**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6
Dec. 13 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6264 PSG (AGRx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | Mark Becher v. The Northwestern Mutual Life Insurance Company | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present      Not Present

**Proceedings:**     **(In Chambers) Order GRANTING Plaintiff's Motion to Remand**

Pending before the Court is Plaintiff's Motion to Remand. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS the motion.

I.     Background

On July 20, 2010, Plaintiff Mark Becher ("Plaintiff"), on behalf of himself and others similarly situated, filed a class action lawsuit in California state court against Defendant The Northwestern Mutual Life Insurance Company ("Defendant" or "Northwestern"), a corporation incorporated and based in Wisconsin. Northwestern is a mutual insurance company "owned by and managed for the benefit of its participating policyowners." *Compl.* ¶ 10. For a number of years prior to 1985, Northwestern offered annuities (the "Annuities") that gave the annuity or policy holder the opportunity to benefit from Northwestern's "profits and growth" through the payment of annual dividends. *Id.* ¶ 12. The Complaint alleges Northwestern, in breach of its contracts and fiduciary duties, unilaterally changed the methodology for allocating payments under the annuities. *Id.* ¶ 2. Instead of paying out the corporation's "divisible surplus" as dividends, Northwestern only paid the interest it earned on certain short-bond investments, an amount much lower than promised. *See id.* ¶ 2.

Plaintiff seeks to represent the following two classes: (1) the "State Class" consisting of "[a]ll persons who (a) purchased an Annuity prior to March 1985, (b) either were residents of the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
Dec. 13 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6264 PSG (AGRx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | Mark Becher v. The Northwestern Mutual Life Insurance Company | | |

State of California at the time of purchase or currently reside in the State of California, and (c) did not specifically consent, in writing, to limit or surrender their right to genuine participation in Northwestern's divisible surplus during the time that they owned the Annuities, and their successors in interest;" and (2) the "National Class" consisting of "[a]ll persons in the United States who (a) purchased an Annuity prior to March 1985, and (b) did not specifically consent, in writing to limit or surrender their right to genuine participation in Northwestern's divisible surplus during the time that they owned the Annuities, and their successors in interest." *See id.* ¶ 36.

Defendants timely removed this action to district court asserting diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Plaintiff now moves to remand the action to state court under the "internal affairs" provision of CAFA.

II.     Legal Standard

In a motion to remand, the burden of proving the propriety of removal rests with the removing party. *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 685 (9th Cir. 2006); *United Computer Systems v. AT & T Corp.,* 298 F.3d 756, 763 (9th Cir. 2002). The district court must remand a case to state court if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction. 28 U.S.C § 1447(c).

Defendants base removal on the CAFA provision providing federal subject matter jurisdiction in "any civil action," where (1) the number of members of all proposed plaintiff classes in the aggregate is 100 or more, (2) the claims of the individual class members, in the aggregate, exceed the sum or value of $5,000,000 exclusive of interest and costs, and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d). Thus, complete diversity is not required; "minimal diversity" suffices. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005); *see Abrego Abrego,* 443 F.3d at 680-682 (discussing changes to federal diversity jurisdiction with the adoption of CAFA).

Under CAFA, if there is any doubt as to the propriety of removal, federal court jurisdiction must be rejected. *Abrego Abrego,* 443 F.3d at 690 (citations omitted). The party alleging jurisdiction must justify those allegations by a preponderance of evidence. *Gaus v. Miles,* 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398,

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6
Dec. 13 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6264 PSG (AGRx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | Mark Becher v. The Northwestern Mutual Life Insurance Company | | |

403-404 (9th Cir. 1996). More specifically, a defendant removing a CAFA case to federal court has the burden to prove the "prerequisites" of federal jurisdiction, whereas a plaintiff challenging that removal and seeking remand has the burden of proving any relevant CAFA "exceptions." *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 n.3, 1021-22 (9th Cir. 2007). As discussed below, the "internal affairs" provision in CAFA is a prerequisite to federal jurisdiction, not an exception, and Defendant, as the removing party, has the burden of showing that it does not apply.

III. Discussion

Plaintiff's motion to remand to the Superior Court of Los Angeles is based on the "internal affairs" provision of CAFA. The parties not only dispute the applicability of the "internal affairs" provision, but also which party has the burden of demonstrating that the "internal affairs" provision does, or does not, apply.

    A.    The Internal Affairs Provision in CAFA

        1.    28 U.S.C. § 1332(d)(9)(B)

Section 1332(d)(9)(B) sets forth the "internal affairs" provision of CAFA and states that there "shall" be no federal subject matter jurisdiction in a class action that "solely involves a claim . . . that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized." 28 U.S.C. § 1332(d)(9)(B). The § 1332(d)(9)(B) requirement to keep a case out of federal court is conjunctive, requiring that a claim or claims *both* (1) relate to the internal affairs of a corporation *and* (2) arise under or by virtue of the laws of the state of incorporation. *Id.*

"The internal affairs or governance of a corporation or other form of business enterprise is intended to refer to the internal affairs doctrine defined by the U.S. Supreme Court as 'matters peculiar to the relationships among or between the corporation and its current officers, directors and shareholders.'" *In re Textainer P'ship Sec. Litig.*, CV 05-0969 MMC, 2005 WL 1791559, at *4 (N.D. Cal. July 27, 2005) (citing *Edgar v. MITE Corp.*, 457 U.S. 624, 645, 102 S. Ct. 2629, 73 L. Ed. 2d 269 (1982)). The internal affairs doctrine itself is "a conflict of laws principle

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**
**Dec. 13 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6264 PSG (AGRx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | Mark Becher v. The Northwestern Mutual Life Insurance Company | | |

which recognizes that only one State should have the authority to regulate a corporation's internal affairs—matters peculiar to the relationships among or between the corporation and its current officials, directors, and shareholders—because otherwise a corporation could be faced with conflicting demands." *Edgar*, 457 U.S. at 645. Under the doctrine, "the local law of the state of incorporation will be applied to determine the existence and extent of a director's or officer's liability to the corporation, its creditors and shareholders," which generally will be imposed "upon directors . . . for such matters as the fraudulent or negligent mismanagement of the corporation's affairs . . . and unlawfully profiting at the corporation's expense." *Textainer*, 2005 WL 1791559, at *5 (citing *Restatement (Second) of Conflict of Laws* § 309, comment (a) (1971)). Claims involving breach of fiduciary duties are routinely considered "internal affairs," *id.*, as are claims related to the declaration and payment of dividends, *see Patriot Scientific Corp. v. Korodi*, 504 F. Supp. 2d 952, 956-57 (S.D. Cal. 2007) (quoting *In re Harnischfeger Indus., Inc.*, 293 B.R. 650, 662 (Bkrtcy. D. Del. 2003)).

    2.  <u>Which Party Has the Burden of Proof?</u>

  As discussed, if a court determines that the claims asserted in a case relate to the internal affairs of a corporation and arise under the law of the state of incorporation, then federal courts are precluded from exercising otherwise appropriate CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(9)(B). The Ninth Circuit, however, has not addressed whether the removing party or the party seeking remand has the burden of showing that the "internal affairs" provision does not apply or applies, respectively. What the Ninth Circuit has said, however, is that under CAFA there are both prerequisites to federal jurisdiction and exceptions to federal jurisdiction.

  The removing party has the burden of proving "prerequisites." *See Serrano*, 478 F.3d at 1020-21, 1020 n.3. Prerequisites to CAFA jurisdiction include establishing that the $5,000,000 amount in controversy has been met and establishing that "any class member is a citizen of a state different from any defendant." *Id.* at 1020 (citing 28 U.S.C. § 1332(d)(2)). On the other hand, "exceptions" to CAFA are those provisions in the statute that require courts to decline the exercise of otherwise valid jurisdiction. *Id.* at 1022 (explaining that CAFA § 1332(d)(3), the "local controversy" provision, and § 1332(d)(4), the "home-state controversy" provision, are exceptions). According to the Ninth Circuit, it is those provisions in § 1332 that instruct a court to "decline" jurisdiction that make something an exception rather than a prerequisite. *Id.* In fact, both the "local controversy" and "home-state controversy" exceptions include the language

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
Dec. 13 hrg vacated

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6264 PSG (AGRx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | Mark Becher v. The Northwestern Mutual Life Insurance Company | | |

"decline to exercise jurisdiction," whereas "prerequisites" are marked by affirmative grants of jurisdiction ("shall have jurisdiction") or affirmative rejections of jurisdiction ("shall not apply"). *Compare id.* at 1022-23 (explaining "exceptions") *with id.* at 1020 n.3 (explaining that § 1332(d)(5) states that CAFA jurisdiction "shall not apply" when the (d)(5) factors exist, thus making §1332(d)(5) a prerequisite, not an exception).

While no court has yet explained which party has the burden to prove or disprove the "internal affairs" provision, the Court notes that it is prefaced in the statute by the words "shall not apply." *See* 28 U.S.C. § 1132(d)(9). Following the Ninth Circuit's reasoning in *Serrano*, the Court construes § 1332(d)(9)(B) as a prerequisite—not an exception—to a federal court's exercise of CAFA jurisdiction that the removing party has the burden of negating. *See also Madden v. Cowen & Co.*, 576 F.3d 957, 975 (9th Cir. 2009) (holding that a similar provision in the Securities Litigation Uniform Standards Act of 1998 is a "prerequisite" rather than an "exception" to federal jurisdiction).

B. Whether Defendant Has Satisfied its Burden to Show that the Internal Affairs Provision Does Not Apply in this Case

The parties in this case dispute the applicability of the "internal affairs" provision of CAFA. In order for the Court to properly exercise jurisdiction in this case, Defendant, the removing party, has the burden of establishing that the claims in this case are not solely related to the internal affairs of the corporation or that they "arise under or by virtue of the laws" of states other than the State in which Defendant corporation is incorporated. 28 U.S.C. § 1132(d)(9)(B). Defendant has not met its burden.

1. Internal Affairs

Federal courts sitting in diversity must apply the choice-of-law rules of the forum state, meaning California's choice-of-law rules apply in this case. *See Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005). California has adopted the "internal affairs doctrine," which, as mentioned, requires a court to apply the law of the state of incorporation to those things identified as internal affairs of a corporation. *See State Farm Mut. Auto Ins. Co v. Superior Court*, 114 Cal. App. 4th 434, 442, 8 Cal. Rptr 3d 56 (Cal. Ct. App. 2003). Internal affairs

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**
**Dec. 13 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6264 PSG (AGRx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | Mark Becher v. The Northwestern Mutual Life Insurance Company | | |

include the "declaration and payment of dividends and other distributions," *id.*, as well as the satisfaction of any number of fiduciary duties, *Textainer*, 2005 WL 1791559, at *5.

In this case, Plaintiffs assert both breach of contract and breach of fiduciary duty claims based on Defendant's improper payment of dividends under purchased annuities. *See Compl.* ¶ 1. Both are "related" to the "internal affairs" of Northwestern.

In *State Farm*, a class of insurance policyholders sued State Farm, a mutual automobile insurance company, for, *inter alia*, breach of contract and breach of the covenant good faith and fair dealing. *See State Farm*, 114 Cal. App. 4th at 437-38. Specifically, Plaintiffs alleged that their policies entitled them to dividends, or, in other words, "to share in the earnings and savings of the company in accordance with the dividends declared by the Board of Directors on [these] and like policies." *Id.* at 438. When the board of directors improperly withheld those dividends, Plaintiff sued for the above stated causes of actions. *Id.* During the case, a dispute arose about whether to apply California's substantive law or Illinois law, as the law of State Farm's state of incorporation. The California Court of Appeals ultimately determined that because the breach of contract and other claims related to the declaration of dividends, and thus concerned the "internal affairs" of State Farm, Illinois law applied. *See id.* at 449. In doing so, the court specifically stated that "the plaintiff's contention that this suit, being one on a contract to recover surplus, does not involve the internal affairs of a foreign corporation is without merit." *Id.* at 446-47 (internal punctuation and citation omitted).

Like the plaintiffs in *State Farm*, the Plaintiffs in this case were allegedly entitled to receive dividends from Defendant based on the corporation's surplus. *See Compl.* ¶ 1. After recognizing that the annuities were not as profitable as hoped, Defendant "unilaterally and deceptively altered" annuity payments owed by moving away from dividends in the form of "divisible surplus" towards only the payment of "interest earned" on certain bonds. *Id.* ¶ 2. Moreover, Defendant did so without informing the policyholders, in violation of its own notification "policies and procedures." *Id.* ¶¶ 4, 6. The facts in this case are strikingly similar to those in *State Farm*, and like in *State Farm*, the Plaintiffs here assert breach of contract and fiduciary duty claims related to the distribution of dividends, an "internal affair."

Defendant's assertion that *State Farm* has no bearing on this case because it did not specifically decide the "internal affairs" issue within the context of CAFA is unavailing. *See*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
Dec. 13 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6264 PSG (AGRx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | Mark Becher v. The Northwestern Mutual Life Insurance Company | | |

*Opp'n* 11:1-3 ("For purposes of the present remand motion, however, the salient fact is that the California State appeals court in *State Farm* was *not* addressing the internal affairs doctrine in the context of CAFA." (emphasis in original)). The meaning of "internal affairs" in CAFA incorporates the meaning of "internal affairs" as used elsewhere in the law. *See Textainer*, 2005 WL 1791559, at *4-5 (citing S. Rep. 109-14 (citing *Edgar*, 457 U.S. 624; *McDermott, Inc. v. Lewis*, 531 A.2d 206 (Del. 1987))). As the Supreme Court explained in *Edgar*, the internal affairs doctrine is a "conflict of laws principle," which states use to select the applicable rules of decision. *See Edgar*, 457 U.S. at 645. To determine whether something falls within the "internal affairs" of a corporation for CAFA purposes, it is therefore appropriate to look to the state's application of its own internal affairs doctrine.

The claims in this case are related to the internal affairs of Northwestern. If Defendant similarly fails to carry its burden to show that the claims in the case do not solely "arise under or by virtue of the laws of the State in which" Defendant corporation is incorporated, the Court must remand the case to state court.

    2. <u>Arising Under or By Virtue of the Laws of Wisconsin</u>

The explanation above establishes that this Court, when sitting in diversity in cases related to the internal affairs of a corporation, is to look to the state of incorporation for the applicable rules of decision. While that determination would seemingly engulf the current "arising under" analysis, Defendant challenges it on the basis of an earlier decision by a Wisconsin state court stating that other states' law *may* be relevant to Plaintiffs' fiduciary duty claims. *See Opp'n* 5:1-14. Defendant's argument is without merit.

Before getting to Defendant's argument, however, the Court is satisfied that this case "solely" involves claims that "arise[] under or by virtue of the laws of" Wisconsin. *See* 28 U.S.C. § 1332(d)(9)(B). The only claims in this case are the breach of contract and breach of fiduciary duties claims discussed above. Both claims relate to the "internal affairs" of the corporation and, as a result, California's adoption of the "internal affairs doctrine" requires that this Court apply the substantive laws of the state of incorporation—the laws of Wisconsin. *See State Farm*, 114 Cal. App. 4th at 449. There are no additional claims unrelated to the internal affairs of the corporation that would deviate from the exclusivity ("solely") requirement in the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6
Dec. 13 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6264 PSG (AGRx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | Mark Becher v. The Northwestern Mutual Life Insurance Company | | |

applicable CAFA provision. Thus, the applicable law, as determined by California's choice-of-law rules, is that of Wisconsin.

Defendant, however, insists that other states' laws will apply to the claims in this case, and, therefore, that CAFA's "internal affairs" provision does not apply. Defendant bases this argument entirely on a Wisconsin state court's determination in parallel litigation. *See Opp'n* 5:7-9. More specifically, in 2001, two named plaintiffs from Wisconsin asserted claims identical to the claims in this case against Northwestern in Wisconsin state court. *See Noonan v. Northwestern Mut. Life Ins. Co.*, Appeal No. 2005 AP 1653 (Wis. App. 2005). The trial court denied the plaintiffs' motion to certify a class after determining that, based on Wisconsin's *choice of law* rules, it was possible that other states' laws may apply and that a class action would be unmanageable. *See Shea Decl.*, Ex. 2 at 8 (the *Noonan* decision). In fact, the appellate court reviewing that determination noted only that choice of law issues may arise in the case–justifying the trial's court denial of class certification–but explicitly declined to decide whether that was actually true. *See id.* at 8 n.6.

Even assuming that the trial court was correct, the outcome of this case remains the same. In any choice of law analysis, a court uses the choice of law rules that apply to it to select the *substantive* law that will determine the outcome of the case. *See, e.g., Fields v. Legacy Health System*, 413 F.3d 942, 950 (9th Cir. 2005) ("Federal courts sitting in diversity must apply 'the forum state's choice of law rules to determine the controlling substantive law.'"). In this case, the internal affairs doctrine requires a court in this forum to apply Wisconsin law. And even though the *Noonan* court was wrestling with Wisconsin choice of law rules, those rules do not apply in this case; only Wisconsin substantive law does. Moreover, even if Wisconsin substantive law incorporated the laws of other states, the claims in this case would nevertheless "arise under or by virtue of" the Wisconsin law that incorporates those other laws, as Defendant recognizes. *See Opp'n* 11:21-25 ("If the internal affairs doctrine applies and Wisconsin law governs this action, *this same Wisconsin law* requires" that the court examine other states' law. (emphasis added)); *cf.* 13D Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3563 (3d ed. 2010) (explaining that there are situations in which "an Act of Congress expressly adopting state law renders the state law, in effect federal law for purposes of ['arising under'] federal question jurisdiction"). The requirement that this Court apply Wisconsin substantive law means that Plaintiffs' claims arise under Wisconsin substantive law.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
Dec. 13 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6264 PSG (AGRx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | Mark Becher v. The Northwestern Mutual Life Insurance Company | | |

Finally, Defendant argues that other states' laws apply because "[m]any of the putative class members executed an amendment to their policy revising the dividend language in their policy," which stated that it is "governed by the law of the state in which the Owner resides at the time that the Amendment is accepted by the Owner." *See Opp'n* 8:13-19. Nevertheless, Defendant has failed to meet its burden to establish that it is more likely than not that a state law other than that of Wisconsin will apply. For example, Defendant states only that "*if* [a] person who executed the amendment lived in California at the time of the amendment," *then* California law would apply. But there is nothing to suggest that such a person exists and there is no requirement that any class member must have been a resident of a state other than Wisconsin at the time of amendment. Defendant has failed to meet its burden to establish this specific "prerequisite" to CAFA jurisdiction.

Defendant's reliance on the *Noonan* case is misplaced and Defendant has otherwise failed to carry its burden to show that 28 U.S.C. § 1332(d)(9)(B) does not apply.[1]

IV.   Conclusion

Based on the foregoing, the Court GRANTS Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**

---

[1] Defendant similarly relies on a decision of the Untied States District Court for the Northern District of Florida, also arising out of parallel litigation. *See Krueger v. Northwestern Mut. Life Ins. Co.*, CV 10-0128 SPM, 2010 WL 4677382 (N.D. Fla. Nov. 9, 2010). There, Defendant removed the case to federal court and the plaintiffs filed a motion to remand. *See id.* at *1. The court denied Plaintiff's motion, relying on the determination by the Wisconsin courts in *Noonan* that, under Wisconsin's choice of law rules, other state law may apply. *See id.* at *2-3. That case is not binding precedent.